JOHN A. CORBOY et al. Appellees, vs. ISABELLE CORBOY GRAHAM, Appellant.

*Opinion filed December 16, 1925.*

APPEALS AND ERRORS—*when freehold is not involved in bill to construe will.* A freehold is not involved in a bill to construe a will where the only question in the case as raised by the bill and a cross-bill is whether the will gives the trustees power to execute a lease for a longer period than the term of the trust, the cross-bill denying the power of the trustees but praying that in case it be held they had such power they be directed to execute a long-term lease.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

FRANCIS M. LOWES, for appellant.

DUNNE & CORBOY, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The appellees, who are trustees under the will of Michael J. Corboy, deceased, filed a bill in the superior court of Cook county praying for a construction of the will as to the power of the trustees to lease the whole or any part of the trust property for a term of years which may extend beyond the period of the existence of the trust. The will devised the residue of the testator's property after the payment of his debts and funeral expenses and the cost of administration and the gift of some articles of personal property to his wife, to trustees in trust for the management and control of it and the payment of the entire net income to his wife during her life, with directions after her death to dispose of all the property as soon as in their absolute discretion they should deem advantageous to the estate, but not later than five years after the death of the testator's wife. The will gave the trustees express power to sell, invest and re-invest in either real or personal property and to manage and control all the trust property and all investments and re-investments "in their absolute discretion and without limitation as to the character thereof, with all powers with regard to said property, and any investments or re-investments, and the management and control thereof, that I myself would have in person were I living, until the final and complete distribution and payment thereof as hereinafter mentioned." The heirs of the testator, the devisees under the will and all persons in being who were or might become interested in the estate were made parties to the bill. Guardians *ad litem* were appointed for minor defendants, answers and replications were filed, and the court upon a hearing decreed that the proper construction of the will with respect to the power and authority of the trustees to lease the trust property was that the trustees were empowered to lease from time to time, and for

any number of years, the whole or any part of the trust property on such terms and at such rental as the trustees, their survivor or survivors and their successors in trust, should deem proper. This decree was rendered on June 16, 1925. One of the defendants, a daughter of the testator and a devisee under the will, who by her answer had insisted that the trustees had no authority under the will to lease the real estate for a term extending beyond five years after the death of the testator's widow, filed a cross-bill, alleging that an offer had been made to the trustees to lease from them a part of the trust estate for a term of ninety-nine years upon certain terms specified in the offer, but that the trustees, if it was adjudicated that they had the power to lease the premises, in their discretion, for a longer period than the existence of the trust, would make a certain other lease for a period of thirty years at a lower rental and on different terms less advantageous to the estate, and while the cross-complainant denied the power of the trustees to lease beyond the period when the trust would terminate, yet if it should be adjudged that they had such power, she prayed that they be directed to accept the offer of the ninety-nine year lease and be enjoined from entering into the lease in accordance with the other offer. A demurrer to this cross-bill was sustained. On June 30 the cross-bill was dismissed for want of equity, an order was entered allowing an appeal to this court, and an appeal bond was filed.

The appeal should have been taken to the Appellate Court. No freehold is involved and no other ground appears in the record authorizing a direct appeal from the superior court to the Supreme Court.

The cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*